UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK W. BROPHY,<br><br>                Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION and NORTHWEST TRUSTEE SERVICE, INC.,<br><br>                Defendants. | NO: 13-CV-0293-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 2). This matter was submitted for consideration on an expedited basis without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

//

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER ~ 1

## BACKGROUND

Plaintiff Mark Brophy ("Plaintiff"), proceeding *pro se*, seeks an emergency *ex parte*[1] temporary restraining order enjoining Defendants from selling his house at a foreclosure sale scheduled for Friday, August 9, 2013, at 10:00 a.m. In support of this motion, Plaintiff alleges that Defendant JPMorgan Chase Bank ("JPMorgan") fraudulently appointed Defendant Northwest Trustee Services ("NWTS") as a successor trustee for purposes of initiating the foreclosure proceedings, and that, as a result, NWTS "has no legal standing to institute or maintain a foreclosure of the property." ECF No. 2 at ¶ 10. Plaintiff asks the Court to immediately suspend the foreclosure sale pending resolution of his claims.

## DISCUSSION

The issuance of an *ex parte* temporary restraining order ("TRO") is governed by Federal Rule of Civil Procedure 65(b). To obtain an *ex parte* TRO under Rule 65(b), a party must establish: (1) a likelihood of success on the merits,

---

[1] The Certificates of Service attached to Plaintiff's pleadings indicate that copies are "being simultaneously delivered to the defendants via Hand Delivery and U.S. Mail." It is unclear whether these pleadings will reach the Defendants prior to the issuance of this Order. Accordingly, the Court will treat Plaintiff's emergency TRO motion as an *ex parte* motion for purposes of Rule 65(b).

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER ~ 2

(2) a likelihood of irreparable injury if the requested relief is not granted, (3) that a balancing of the hardships weighs in its favor; and (4) that the requested relief will advance the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted). When these elements are satisfied, a court may temporarily enjoin the opposing party or parties from engaging in a specific action pending a hearing to determine whether the restrictions should continue in the form of a preliminary injunction. The court must also require the party seeking the TRO to "give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Plaintiff has asserted causes of action for (1) fraud; (2) violations of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*; (3) negligence *per se*; (4) intentional infliction of emotional distress; (5) negligence; (6) violations of the Civil Rights Act of 1964, 42 U.S.C. § 1983; (7) declaratory relief; and (8) permanent injunctive relief. The overarching theory upon which these claims are based is summarized in the following paragraph of Plaintiff's Complaint:

> [Defendant JPMorgan] has no beneficial right, title, [or] interest under plaintiff's deed of trust and promissory note; [JPMorgan] as a purported servicer, has no beneficial right, title, [or] interest under plaintiffs' [sic] deed of trust and promissory note; upon information and belief, [JPMorgan] illegally obtained or otherwise stole Plaintiff's promissory note and deed of trust.

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER ~ 3

Pl.'s Compl., ECF No. 1, at ¶ 60.  In support of the instant motion for emergency injunctive relief, Plaintiff alleges that JPMorgan fraudulently appointed Defendant NWTS as a successor trustee for purposes of foreclosing on his property, thereby rendering the appointment ineffective and depriving NWTS of standing to proceed with the foreclosure proceedings tomorrow morning.

As a threshold matter, the Court notes that Plaintiff has failed to comply with the five-day notice requirement set forth in the Washington Deed of Trust Act ("DTA").  The relevant statute provides:

> No court may grant a restraining order or injunction to restrain a trustee's sale **unless the person seeking the restraint gives five days notice to the trustee** of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made.  This notice shall include copies of all pleadings and related documents to be given to the judge.  **No judge may act upon such application unless it is accompanied by proof . . . that the notice has been served on the trustee.**

RCW 61.24.130(2) (emphasis added).  Compliance with this procedure is mandatory; indeed, "RCW 61.24.130 sets forth *the only* means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure."  *Cox v. Helenius*, 103 Wash.2d 383, 388 (1985) (emphasis added); *see also CHD, Inc. v. Boyles,* 138 Wash. App. 131, 137 (2007) ("The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130.").  Given that Plaintiff filed the instant lawsuit less than 24 hours prior to the scheduled foreclosure sale, with

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER ~ 4

no prior notice to the Defendants, his request for emergency injunctive relief is untimely.

Furthermore, Plaintiff has failed to establish a sufficiently high likelihood of success on the merits to warrant the issuance of a TRO. In his Complaint, Plaintiff advances several so-called "show me the note" arguments which are commonly asserted in non-judicial foreclosure cases. Specifically, Plaintiff alleges that (1) his promissory note was not properly transferred from the original holder, Washington Mutual, to the present holder, Defendant JPMorgan (*see* ECF No. 1 at ¶¶ 24, 28-29, 33); (2) the security interest evidenced by the deed of trust was extinguished when the note was sold into a securitized trust (*see* ECF No. 1 at ¶ 34); and (3) JP Morgan and others failed to comply with the terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of his loan (*see* ECF No. 1 at ¶¶ 34-42).

Unfortunately for Plaintiff, each of these arguments has been consistently rejected by courts in Washington. *See, e.g.*, *Douglass v. Bank of Am. Corp.*, 2013 WL 2245092 at *6 (E.D. Wash., May 21, 2013) (unpublished) ("[T]he Washington Deed of Trust Act does not require that a mortgage servicer or mortgagee produce the original note to the borrower on demand or prior to foreclosure. Rather, [the] law requires that the foreclosing lender demonstrate proof of beneficial ownership of the underlying note to the *trustee*.") (emphasis in original); *Abram v. Wachovia*

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER ~ 5

*Mortg.*, 2013 WL 1855746 at *2 (W.D. Wash., April 30, 2013) (unpublished) (observing that the Ninth Circuit Court of Appeals and the Washington Supreme Court have rejected the theory that securitization of a mortgage "splits" the note from the deed of trust); *Frazer v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 1821386 at * 2 (W.D. Wash., May 18, 2012) (unpublished) ("Plaintiffs are not parties to the pooling and servicing agreement and present no authority suggesting standing to challenge it."); *see also Zadronzny v. Bank of New York Mellon*, --- F.3d ----, 2013 WL 32342528 at *4-5 (9th Cir., June 28, 2013) (rejecting show me the note arguments asserting lack of standing to foreclose under Arizona law); *Au v. Republic State Mortg. Co.*, --- F. Supp. 2d ----, 2013 WL 2420852 at *9 (D. Hawaii, May 31, 2013) (holding that plaintiff lacked standing to challenge alleged violations of PSA given that he was neither a party to nor beneficiary of the agreement).

Nor are Plaintiff's allegations of fraud concerning the appointment of Defendant NWTS as successor trustee sufficient to warrant temporary injunctive relief.  Even assuming that the appointment of successor trustee document was in fact "robo-signed," Plaintiff does not have standing to contest the appointment. Because Plaintiff is neither a party to nor a third-party beneficiary of this agreement, he could not have been injured by the alleged fraud.  *See, e.g., Javaheri v. JPMorgan Chase Bank N.A.*, 2012 WL 3426278 at *6 (C.D. Cal., Aug. 13,

2012) (unpublished) ("[T]he only injury [plaintiff] alleges is the pending foreclosure on his home, which is the result of his default on his mortgage. The foreclosure would occur regardless of what entity was named as trustee, and so [plaintiff] suffered no injury as a result of this substitution."); *Kuc v. Bank of Am., NA*, 2012 WL 1268126 at *2 (D. Ariz., Apr. 16, 2012) (unpublished) ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of any allegedly 'robosigned' recorded assignments.").

Given that Plaintiff has failed to establish a sufficiently high likelihood of success on the merits of his claims, the Court will respectfully deny the motion.

**IT IS HEREBY ORDERED:**

Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to all of the named parties at the addresses listed in the pleadings.

**DATED** August 9, 2013, 8:00 a.m..



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S' MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER ~ 7