UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK W. BROPHY,<br><br>               Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION and NORTHWEST TRUSTEE SERVICE, INC.,<br><br>               Defendants. | NO: 13-CV-0293-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS |

BEFORE THE COURT is Defendant Northwest Trustee Services' Motion to Dismiss (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

PROCEDURAL HISTORY

Plaintiff Mark Brophy ("Plaintiff"), proceeding *pro se*, filed this lawsuit on August 8, 2013. ECF No. 1. Plaintiff's Complaint asserted causes of action for,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 1

*inter alia*, an emergency temporary restraining order ("TRO") barring Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Northwest Trustee Services ("NWTS") from foreclosing on his home. ECF No. 1. The Court issued an order denying Plaintiff's request for a TRO on August 9, 2013, finding that Plaintiff had failed to give Defendants five days advance notice of the proceedings as required by the Washington Deeds of Trust Act. ECF No. 6 at 4-5.

    NWTS filed the instant motion to dismiss Plaintiff's remaining claims on September 24, 2013. ECF No. 9. On October 11, 2013, Plaintiff moved for an extension of time to respond. ECF No. 14. The Court granted this request on October 15, 2013, directing Plaintiff to respond on or before November 15, 2013, and directing NWTS to file an optional reply on or before November 29, 2013. ECF No. 15. On November 13, 2013, Plaintiff filed a document captioned "Amended Complaint for Damages, Declaratory, Injunctive Relief and Quiet Title." ECF No. 20. Plaintiff filed this document "in lieu of replying to the motion to dismiss due 11/15/2013," purportedly with NWTS's permission. ECF No. 20 at 1. As of the date of this Order, NWTS has not filed a reply or otherwise responded to Plaintiff's Amended Complaint.

    Plaintiff's Amended Complaint reasserts each of the claims asserted in his original Complaint, plus several new claims. Given that the reasserted claims appear to be identical in all material respects to the claims that were originally

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 2

asserted, the Court will designate the Amended Complaint (ECF No. 20) as the operative document for purposes of the instant motion.

FACTS

The following facts are drawn from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff took out a construction mortgage loan in the amount of $745,800 from Washington Mutual Bank in July 2006. In consideration for the loan, Plaintiff executed a promissory note in favor of Washington Mutual. Plaintiff also executed a deed of trust encumbering the subject real property as security for the loan. The loan was subsequently transferred to JPMorgan when Washington Mutual folded in late 2008.

In 2011, Plaintiff began experiencing financial difficulties and stopped making payments on his mortgage. In November 2012, JPMorgan appointed NWTS as successor trustee for purposes of foreclosing on the property. NWTS subsequently initiated non-judicial foreclosure proceedings by recording a notice of trustee's sale in the Spokane County Auditor's Office.

Plaintiff filed the instant lawsuit one day prior to the scheduled trustee's sale. The Court denied Plaintiff's request to temporarily enjoin the sale on August 9, 2013. ECF No. 6. It is unclear from the existing record whether the trustee's sale has occurred.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 3

## DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see*

*Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Federal Rule of Civil Procedure 9(b) governs the pleading of allegations involving fraud or mistake. In contrast to the more lenient standard set forth in Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint. To satisfy this standard, the allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (quotation and citation omitted). A party may, however, plead allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind" more generally. Fed. R. Civ. P. 9(b).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 5

disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. Fraud Claim**

Plaintiff's allegations of fraud pertain exclusively to JPMorgan. *See* ECF No. 20 at ¶¶ 99-104. As NWTS correctly notes, Plaintiff has not alleged any fraudulent conduct on the part of NWTS. Accordingly, to the extent that Plaintiff has attempted to pursue a fraud claim against NWTS, the claim is dismissed with leave to amend within **fourteen (14) days** of the date of this order.

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 6

### B. Consumer Protection Act Claim

Like his allegations of fraud, Plaintiff's allegations in support of his Consumer Protection Act ("CPA") claim pertain exclusively to JPMorgan. *See* ECF No. 20 at ¶¶ 105-111. There are no allegations that NWTS engaged in an unfair or deceptive act or practice occurring in trade or commerce. To the extent that Plaintiff has attempted to assert a CPA claim against NWTS, the claim is dismissed with leave to amend within **fourteen (14) days** of the date of this order.

### C. Negligence and Negligence *Per Se* Claims

Plaintiff's claims for negligence and negligence *per se* are derivative of his CPA claim. Specifically, Plaintiff alleges that JPMorgan had a legal duty under the CPA not to "fabricate a false appointment [of successor trustee document.]" ECF No. 20 at ¶ 112; *see also* ECF No. 20 at 118. Here again, Plaintiff has not alleged that NWTS, as opposed to JPMorgan, breached a duty owed to him under Washington law. Accordingly, to the extent that Plaintiff has attempted to assert negligence and negligence per se claims against NWTS, the claims are dismissed with leave to amend within **fourteen (14) days** of the date of this order.

### D. Outrage Claim

Plaintiff's outrage claim is asserted exclusively against JPMorgan. ECF No. 20 at ¶¶ 116-17. There are no allegations that NWTS engaged in extreme or outrageous conduct. To the extent that Plaintiff has attempted to assert an outrage

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 7

claim against NWTS, the claim is dismissed with leave to amend within **fourteen (14) days** of the date of this order.

### E. Section 1983 Claim

NWTS has moved to dismiss Plaintiff's § 1983 claim on the ground that it did not act under color of state law. As NWTS correctly notes, the fact that it initiated non-judicial foreclosure proceedings in accordance with Washington law does not mean that it acted "under color of" state law for purposes of a § 1983 claim. *Apao v. Bank of New York*, 324 F.3d 1091, 1093-95 (9th Cir. 2003) (initiation of non-judicial foreclosure proceedings in compliance with state law is not state action). NWTS's motion to dismiss is granted as to this claim. Because leave to amend would be futile, this claim will be **dismissed with prejudice**.

### F. Claim for Declaratory Relief

NWTS asserts that Plaintiff's claim for declaratory relief should be dismissed because NWTS has been sued as a "nominal defendant" and because "there is no actual controversy between Plaintiff and NWTS." ECF No. 9 at 12. The Court disagrees. Although Plaintiff's Amended Complaint contains no specific allegations of wrongdoing on the part of NWTS, the Court construes his claim for declaratory relief as extending to NWTS's authority to foreclose on his property. *See* ECF No. 20 at ¶ 39. In other words, Plaintiff appears to be seeking a judicial declaration that NWTS lacks authority to foreclose on his property by

virtue of having been improperly appointed as successor trustee by JPMorgan. When viewed in this context, Plaintiff has stated a viable claim for declaratory relief against NWTS. The motion is denied as to this claim.

**IT IS HEREBY ORDERED:**

Defendant Northwest Trustee Services' Motion to Dismiss (ECF No. 9) is **GRANTED in part** and **DENIED in part** as follows:

- Plaintiff's claims for fraud, violations of the Consumer Protection Act, negligence, negligence *per se* and outrage <u>as against Defendant Northwest Trustee Services only</u> are **DISMISSED** with leave to amend within **fourteen (14) days** of the date of this order.

- Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Northwest Trustee Services is **DISMISSED** with prejudice.

- The motion is **DENIED** as to Plaintiff's claim for declaratory relief.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and to Plaintiff at his address of record.

**DATED** December 4, 2013.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTHWEST TRUSTEE SERVICES' MOTION TO DISMISS ~ 9